JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR COMMUNITY ACTION AND ENVIRONMENTAL JUSTICE,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO,<br><br>Defendant. | Case No. 5:15-CV-00880-VAP-SP<br><br>**CONSENT JUDGMENT** |

WHEREAS, Plaintiff Center for Community Action and Environmental Justice ("CCAEJ") is a 501(c)(3) non-profit, public benefit corporation organized under the laws of the State of California, dedicated to working with communities to improve the social and natural environment.  Penny Newman is the Executive Director of CCAEJ;

WHEREAS, Defendant County of San Bernardino ("County") owns a landfill facility located at 850 Tropica Rancho Road in Colton, California (the "Facility").  The Facility was operated pursuant to State Water Resources Control Board Water Quality Order No. 97-03-DWQ, National Pollutant Discharge Elimination System General Permit No. CAS000001, Waste Discharge

Requirements for Discharges of Storm Water Associated with Industrial Activities Excluding Construction Activities (hereinafter, the "General Permit");

WHEREAS, the Facility was permanently closed on December 31, 2014;

WHEREAS, on April 23, 2015, the County submitted to the Regional Water Quality Control Board, Santa Ana Region ("Regional Board") its Notice of Termination for the Facility's coverage under the General Permit as a result of the permanent closure of the Facility as of December 31, 2014. . The basis for terminating coverage was that the Facility was categorized as a "Closed Facility";

WHEREAS, on or about March 5, 2015, CCAEJ provided the Facility with a Notice of Violation and Intent to File Suit ("60-Day Notice Letter" or "Notice Letter") under Section 505 of the Federal Water Pollution Control Act (the "Act" or "Clean Water Act"), 33 U.S.C. § 1365;

WHEREAS, on May 5, 2015, CCAEJ filed its Complaint in the United States District Court for the Central District of California (*Center for Community Action and Environmental Justice v. County of San Bernardino,* Case No. 5:15-cv-00880-VAP-SP).  Attached hereto as Exhibit B is a true and correct copy of the Complaint, including the 60-Day Notice Letter;

WHEREAS, on June 11, 2015, the Regional Board formally approved the Facility's notice to terminate coverage under the General Permit;

WHEREAS, the County denies any and all of CCAEJ's claims in its 60-Day Notice Letter and Complaint;

WHEREAS, the County filed a Motion to Dismiss all of CCAEJ's claims on the basis that the claims allege "wholly past violations" and, therefore, fail to state any justiciable claims against the County;

WHEREAS, CCAEJ and the County (hereinafter, collectively referred to as the "Settling Parties"), through their authorized representatives and without either adjudication of CCAEJ's claims or admission by the County of any alleged

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

C:\Users\jvasquez\Desktop\Consent Judgment (Approved and Final).docx

violation or other wrongdoing, have agreed that it is in the Settling Parties' mutual interest to enter into a Consent Judgment setting forth terms and conditions appropriate to resolving the allegations set forth in the Complaint without further proceedings;

WHEREAS, after a Settlement Agreement and Release, attached hereto as Exhibit A, has been submitted to the United States Department of Justice ("DOJ") and the national and Region IX offices of the United States Environmental Protection Agency ("EPA") for the statutory review period pursuant to 40 C.F.R. § 135.5 at least 45 days prior to the submittal of this Consent Judgment to the Court for entry; and

WHEREAS, on February 23, 2016, the DOJ communicated to CCAEJ that it does not have any objection to entry of the Consent Judgment;

NOW, THEREFORE, without trial or adjudication of issues of fact or law, without this Consent Judgment constituting evidence against the County excepted as otherwise noted, and upon consent of the County, the Court finds that there is good and sufficient cause to enter this Consent Judgment, and that it is therefore ORDERED, ADJUDGED, AND DECREED:

## I. JURISDICTION

1. For purposes of this Consent Judgment, the Settling Parties stipulate that this Court has jurisdiction over the Settling Parties and the subject matter of this Consent Judgment. The Settling Parties stipulate that venue is appropriate in this Court. The Court will maintain jurisdiction through the Termination Date (as defined in the Settlement Agreement and Release, attached hereto as Exhibit A), or through the conclusion of any proceeding to enforce the Settlement Agreement and Release, for purposes of resolving any disputes between the Settling Parties with respect to any provision on the Settlement Agreement and Release.

## II. SETTLEMENT AGREEMENT AND RELEASE

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

C:\Users\jvasquez\Desktop\Consent Judgment (Approved and Final).docx

2. The Settling Parties shall comply with the terms and conditions set forth in the Settlement Agreement and Release. The Settlement Agreement and Release, attached hereto as Exhibit A, is incorporated herein as the judgment of this Court and shall be enforced in accordance with the authorities provided in the Settlement Agreement and Release.

### III. NO ADMISSION OR FINDING

3. Neither this Consent Judgment nor any payment made pursuant to this Consent Judgment shall constitute evidence or be construed as a finding, adjudication, or acknowledge of any fact, law or liability, nor shall it be construed as an admission of violation of any law, rule or regulation. However, this Consent Judgment and/or any payment made pursuant to this Consent Judgment may constitute evidence in actions seeking enforcement of this Consent Judgment.

### IV. ENFORCEMENT

4. Except as specifically noted herein, any disputes with respect to any of the provisions of this Consent Judgment shall be resolved through the following procedure. The Settling Parties agree to first meet and confer to resolve any dispute arising under this Consent Judgment. In the event that such disputes cannot be resolved through this meet and confer process, the Settling Parties agree to request a settlement meeting before the Magistrate Judge assigned to this action. In the event that the Settling Parties cannot resolve the dispute by the conclusion of the settlement meeting with the Magistrate Judgment, the Settling Parties agree to submit the dispute, via motion, to this Court.

### V. OTHER TERMS

5. The Effective Date of this Consent Judgment shall be upon the entry of this Consent Judgment by the Court (the "Effective Date").

6. Unless an extension is agreed to in writing by the Settling Parties, this Consent Judgment shall terminate on the date the County satisfies the commitments

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

in Paragraphs 4 and 5 of the Settlement Agreement and Release, attached hereto as Exhibit A (the "Termination Date").

7. This Consent Judgment, and any provisions herein, may not be changed, waived, discharged or terminated unless by written instrument, signed by the Settling Parties.

8. This Consent Judgment constitutes a full and final settlement of this matter. It is expressly understood and agreed that the Consent Judgment has been freely and voluntarily entered into by the Settling Parties with and upon advice from legal counsel.

SO ORDERED this 25th day of February, 2016

*Virginia A. Phillips*

_____

The Honorable Virginia A. Phillips

United States District Judge

C:\Users\jvasquez\Desktop\Consent Judgment (Approved and Final).docx

| | | |
|---|---|---|
| Dated: February 24, 2016 | | Squire Patton Boggs (US) LLP |

By: */s/ Chris M. Amantea*
   Chris M. Amantea
   Christopher W. Smith
Attorneys for Defendant County of San Bernardino

Dated: February 24, 2016     Lozeau Drury LLP

By: */s/ Douglas J. Chermak*
   Douglas J. Chermak
Attorneys for Plaintiff Center for Community Action and Environmental Justice